UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

COREY FORD,

                Plaintiff,

      v.                                                 9:16-CV-1001
                                                       (MAD/TWD)

SGT. R. DEACON, et. al.,

                Defendants.

---

APPEARANCES:

COREY FORD
Plaintiff, pro se
95-A-8605
Five Points Correctional Facility
Caller Box 119
Romulus, NY 14541

HON. ERIC T. SCHNEIDERMAN                        KYLE W. STURGESS, ESQ.
New York State Attorney General
Attorney for Defendant
Litigation Bureau
The Capitol
Albany, New York 12224

MAE A. D'AGOSTINO
United States District Judge

**DECISION and ORDER**

**I.    INTRODUCTION**

    Presently before the Court is a motion for preliminary injunctive relief filed by pro se plaintiff Corey Ford ("Plaintiff"). Dkt. No. 34. For the reasons stated below, Plaintiff's motion is denied.

**II.    BACKGROUND**

In June 2016, Plaintiff commenced this action seeking relief for the alleged violation of his constitutional rights during his confinement at Shawangunk Correctional Facility ("Shawangunk C.F.") and Great Meadow Correctional Facility ("Great Meadow C.F."). Dkt. No. 1 ("Compl."), *generally*. In a Decision and Order filed on October 7, 2016 (the "October Order"), the Court reviewed the sufficiency of the Complaint in accordance with 28 U.S.C. § 1915(e) and 28 U.S.C. § 1915A. *See* Dkt. No. 9. Based upon that review, the Court directed as follows: (1) defendants Shawangunk C.F. Sergeant R. Deacon ("Deacon"), Shawangunk C.O. J. Phillips ("Phillips"), Great Meadow C.O. Daniel McClenning ("McClenning"), Deputy Superintendent of Security at Great Meadow C.F. R. Eastman ("Eastman"), Great Meadow C.F. Superintendent Christopher Miller ("Miller"), and Great Meadow Sgt. C. Fraser ("Fraser") to respond to retaliation claims; (2) McClenning to respond to Plaintiff's First Amendment access-to-court claim; (3) Miller, Eastman, and Fraser to respond to Eighth Amendment conditions of confinement claims; and (4) Eastman and Miller to respond to Fourteenth Amendment due process claims. *See id.* at 14-16, 18, 20, 27, 28-29 . On January 19, 2017, defendants filed an Answer. Dkt. No. 27.

On August 30, 2017, Plaintiff filed a motion for preliminary injunctive relief. Dkt. No. 34. Defendants oppose the motion. Dkt. No. 38.

### III. DISCUSSION

Preliminary injunctive relief "is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Moore v. Consol. Edison Co. of N.Y.*, 409 F.3d 506, 510 (2d Cir. 2005) (quoting *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997)). "The district court has wide discretion in determining whether to grant a preliminary injunction." *Id.* at 511. To succeed on a motion for preliminary

2

injunctive relief, a plaintiff must demonstrate irreparable harm and either a substantial likelihood of success on the merits of the claim, or sufficiently serious questions going to the merits and a balance of hardships tipping decidedly in his favor. *Citigroup Global Markets, Inc. V. VCG Special Opportunities Master Fund Ltd.*, 598 F.3d 30, 35 (2d Cir. 2010). However, when the moving party seeks a "mandatory preliminary injunction that alters the status quo by commanding a positive act," the burden is even higher. *Cacchillo v. Insmed, Inc.*, 638 F.3d 401, 405-06 (2d Cir. 2011). "A mandatory preliminary injunction 'should issue only upon a clear showing that the moving party is entitled to the relief requested, or where extreme or very serious damage will result from a denial of preliminary relief.' " *Id.* (quoting *Citigroup*, 598 F.3d at 35 n.4).

The alleged violation of a constitutional right generally satisfies a plaintiff's burden to demonstrate irreparable harm. *Jolly v. Coughlin*, 76 F.3d 468, 482 (2d Cir. 1996). However, "[i]rreparable harm is injury that is neither remote nor speculative, but actual and imminent and that cannot be remedied by an award of monetary damages." *N.Y. ex rel. Schneiderman v. Actavis PLC*, 787 F.3d 638, 660 (2d Cir.), *cert. dismissed sub nom. Allergan PLC v. N.Y. ex. rel. Schneiderman*, 136 S. Ct. 581, 193 L. Ed. 2d 421 (2015) (citation and internal quotation marks omitted). Furthermore, "[t]o prevail on a motion for preliminary injunctive relief, the moving party must establish a relationship between the injury claimed in the motion and the conduct giving rise to the complaint." *Candelaria v. Baker,* No. 00-CV-0912, 2006 WL 618576, at \*3 (W.D.N.Y. Mar. 10, 2006) (citations omitted)*; see also Allen v. Brown*, No. 96-CV-1599 (RSP/GJD), 1998 WL 214418, at \*4 (N.D.N.Y. Apr. 28, 1998) (denying request for injunctive relief where allegations in application for such relief were unrelated to claims asserted in the complaint and thus plaintiff "failed to establish either a likelihood of

succeeding on the merits of his underlying claim, or sufficiently serious questions going to the merits of such claim and a balance of hardships tipping decidedly toward" the plaintiff). "In the prison context, a request for injunctive relief must always be viewed with great caution so as not to immerse the federal judiciary in the management of state prisons." *Fisher v. Goord*, 981 F. Supp. 140, 167 (W.D.N.Y. 1997) (citing *Farmer v. Brennan*, 511 U.S. 825, 846-47 (1994)) (other citations omitted). Here, the injunction sought is mandatory, and thus the court will use the "clear and substantial" showing of a likelihood of success standard.

Plaintiff is presently confined at Five Points Correctional Facility ("Five Points C.F."). *See* Compl. at 33. In the motion for injunctive relief, Plaintiff seeks an Order transferring him from Five Points C.F. to Sullivan Correctional Facility. *See* Dkt. No. 34 at 1. Plaintiff claims that he is "being retaliated against at [Five Points C.F.]" and specifically, alleges that upon the completion of his deposition in this action, he was confined to his cell for three days without a misbehavior report or an investigation. *See id.*; Dkt. No. 35 at 2. Plaintiff also claims that he is being threatened by unidentified staff at Five Points C.F. *See id.*

As discussed *supra*, the defendants herein are Deacon, Phillips, Miller, Eastman, Fraser, and McClenning. Construing Plaintiff's motion liberally, Plaintiff seeks relief against unidentified corrections officers at Five Points C.F. *See* Dkt. No. 34. To the extent that Plaintiff seeks injunctive relief against individuals, who are not defendants in this action, injunctive relief is available against non-parties only under very limited circumstances, none of which are present here. *See* Fed. R. Civ. P. 65(d)(2); *Doctor's Associates, Inc. v. Reinert & Duree, P.C.*, 191 F.3d 297, 302-03 (2d Cir. 1999); *United States v. Regan*, 858 F.2d 115, 120 (2d Cir. 1988); *see also In re Rationis Enterprises, Inc. of Panama*, 261 F.3d 264, 270 (2d Cir. 2001) ("A court may not grant a final, or even an interlocutory, injunction over a party

4

over whom it does not have personal jurisdiction.").

Even if the court could provide relief requested, the issues underlying Plaintiff's request for injunctive relief are unrelated to the defendants and the claims in this action. The Complaint contains First Amendment, Eighth Amendment, and Fourteenth Amendment claims arising out of incidents that occurred at Shawangunk C.F. and Great Meadow C.F. *See* Compl., *generally*. The issues surrounding Plaintiff's three-day cell confinement and threatening behavior by unidentified individuals at Five Points C.F. are wholly unrelated to Plaintiff's underlying claims. Thus, Plaintiff cannot establish a likelihood of success on the merits of his underlying claim and Plaintiff's request for relief is denied. *See Lewis v. Johnston*, No. 9:08-CV-0482 (TJM/ATB), 2010 WL 1268024, at *3 (N.D.N.Y. Apr. 1, 2010) (denying motion for injunctive relief based upon actions taken by staff at Great Meadow Correctional Facility in 2010, where the complaint alleged wrongdoing that occurred at Franklin and Upstate Correctional Facilities in 2006 and 2007); *see also Mitchell v. New York State Dep't of Corr. Srvs.*, No. 06-CV-6278, 2011 WL 5326054, at *3 (W.D.N.Y. Nov. 3, 2011) (finding that the facts underlying the request for injunctive relief are essentially unrelated to the underlying facts of the claims in this action, except for the fact that they arise in the prison context).

Upon review, Plaintiff's motion must be denied because Plaintiff has failed to substantiate any allegations of irreparable harm with evidence in admissible form or to demonstrate, with evidence, a likelihood of success on the merits of his underlying claims, or sufficiently serious questions going to the merits and a balance of hardships tipping decidedly in his favor. *See Ivy Mar Co. v. C.R. Seasons Ltd.*, 907 F. Supp. 547, 561 (E.D.N.Y. 1995) ("[B]are allegations, without more, are insufficient for the issuance of a preliminary

5

injunction"); *Hancock*, 792 F.Supp. at 928 ("Preliminary injunctive relief cannot rest on mere hypotheticals."). Accordingly, Plaintiff's motion for preliminary injunctive relief (Dkt. No. 34) is denied.[1]

## IV. CONCLUSION

**WHEREFORE**, it is hereby

**ORDERED** that Plaintiff's motion for injunctive relief (Dkt. No. 34) is **DENIED**; and it is further

**ORDERED** that the Clerk of the Court shall serve a copy of this Decision and Order on Plaintiff in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: October 12, 2017
      Albany, New York

*Mae A. D'Agostino*
U.S. District Judge

---

[1] Plaintiff is advised that concerns regarding his current conditions of confinement should be addressed through administrative channels at the facility and the New York State Department of Corrections and Community Supervision and, if necessary, by means of a properly filed action in the appropriate District Court.