UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

_____

COREY FORD,

                              Plaintiff,

            v.                                                    9:16-CV-1001
                                                                  (MAD/TWD)

SGT. R. DEACON, et. al.,

                              Defendants.

_____

APPEARANCES:

COREY FORD
Plaintiff, pro se
95-A-8605
Five Points Correctional Facility
Caller Box 119
Romulus, NY 14541

HON. ERIC T. SCHNEIDERMAN                  KYLE W. STURGESS, ESQ.
New York State Attorney General
Attorney for Defendant
Litigation Bureau
The Capitol
Albany, New York 12224

MAE A. D'AGOSTINO
United States District Judge

**DECISION and ORDER**

**I.      INTRODUCTION**

        Presently before the Court is the second motion for preliminary injunctive relief filed by

pro se plaintiff Corey Ford ("Plaintiff").  Dkt. No. 50.  For the reasons stated below, Plaintiff's

motion is denied.

**II.      BACKGROUND**

In June 2016, Plaintiff commenced this action seeking relief for the alleged violation of his constitutional rights during his confinement at Shawangunk Correctional Facility ("Shawangunk C.F.") and Great Meadow Correctional Facility ("Great Meadow C.F.").  Dkt. No. 1 ("Compl."), *generally*.  In a Decision and Order filed on October 7, 2016 (the "October Order"), the Court reviewed the sufficiency of the Complaint in accordance with 28 U.S.C. § 1915(e) and 28 U.S.C. § 1915A.  *See* Dkt. No. 9.  Based upon that review, the Court directed as follows: (1) defendants Shawangunk C.F. Sergeant R. Deacon ("Deacon"), Shawangunk C.O. J. Phillips ("Phillips"), Great Meadow C.O. Daniel McClenning ("McClenning"), Deputy Superintendent of Security at Great Meadow C.F. R. Eastman ("Eastman"), Great Meadow C.F. Superintendent Christopher Miller ("Miller"), and Great Meadow Sgt. C. Fraser ("Fraser") to respond to retaliation claims; (2) McClenning to respond to Plaintiff's First Amendment access-to-court claim; (3) Miller, Eastman, and Fraser to respond to Eighth Amendment conditions of confinement claims; and (4) Eastman and Miller to respond to Fourteenth Amendment due process claims.  *See id.* at 14-16, 18, 20, 27, 28-29 .  On January 19, 2017, defendants filed an Answer.  Dkt. No. 27.

On August 30, 2017, Plaintiff filed a motion for preliminary injunctive relief seeking an Order transferring him to Sullivan Correctional Facility ("Sullivan C.F.").  Dkt. No. 34 at 1.  At the time Plaintiff filed the motion, he was confined at Five Points Correctional Facility ("Five Points C.F.") and claimed that he was threatened and retaliated against by unidentified staff. *See id.*  In a Decision and Order filed on October 12, 2017 (the "October Order"), the Court denied Plaintiff's motion because Plaintiff requested relief against individuals were not parties to the action.  Dkt. No. 40 at 4.  The Court further concluded that Plaintiff could not demonstrate a likelihood of success on the merits, or sufficiently serious questions going to

the merits and a balance of hardships in his favor, because his request for injunctive relief

was unrelated to the defendants and claims in this action.  *See id.* at 5.

Presently before the Court is Plaintiff's second motion for injunctive relief.  Dkt. Nos.

50, 58, 60, and 63 (submissions in support).[1]  Defendants oppose the motion.  Dkt. No. 56.

## III.    DISCUSSION

The law related to preliminary injunctions was discussed in the October Order and will

not be restated herein.  *See* Dkt. No. 40 at 2-4.  In the October Order, the Court denied

Plaintiff's request holding that, "[t]o the extent that Plaintiff seeks injunctive relief against

individuals [unidentified corrections officers at Five Points C.F.], who are not defendants in

this action, injunctive relief is available against non-parties only under very limited

circumstances, none of which are present here."  *Id.*  The Court also concluded:

> Even if the court could provide relief requested, the issues
> underlying Plaintiff's request for injunctive relief are unrelated
> to the defendants and the claims in this action. The Complaint
> contains First Amendment, Eighth Amendment, and Fourteenth
> Amendment claims arising out of incidents that occurred at
> Shawangunk C.F. and Great Meadow C.F.  *See* Compl.,
> *generally*.  The issues surrounding Plaintiff's three-day cell
> confinement and threatening behavior by unidentified
> individuals at Five Points C.F. are wholly unrelated to Plaintiff's
> underlying claims.  Thus, Plaintiff cannot establish a likelihood
> of success on the merits of his underlying claim and Plaintiff's
> request for relief is denied.  *See Lewis v. Johnston*, No.
> 9:08-CV-0482 (TJM/ATB), 2010 WL 1268024, at *3 (N.D.N.Y.
> Apr. 1, 2010) (denying motion for injunctive relief based upon
> actions taken by staff at Great Meadow Correctional Facility in
> 2010, where the complaint alleged wrongdoing that occurred at
> Franklin and Upstate Correctional Facilities in 2006 and 2007);
> *see also Mitchell v. New York State Dep't of Corr. Srvs.*, No.

---

[1]    Plaintiff asks for copies of the documents attached to his submissions in support of the motion. Dkt. No. 63.  The Court notes that while Plaintiff claims he annexed documents that support his retaliation claim, no documents were provided to the Court.

06-CV-6278, 2011 WL 5326054, at *3 (W.D.N.Y. Nov. 3, 2011) (finding that the facts underlying the request for injunctive relief are essentially unrelated to the underlying facts of the claims in this action, except for the fact that they arise in the prison context).

Dkt. No. 40 at 4-5.

In his most recent submission, Plaintiff, who remains confined at Five Points C.F., alleges that in December 2017, he received a false misbehavior report from C.O. G. Hall ("Hall") charging him with, *inter alia*, fighting and violent conduct related to a disturbance in the main yard. *See* Dkt. No. 50; Dkt. No. 56 at 7. Plaintiff maintains that he was not involved in the altercation. *See* Dkt. No. 50. Hall, "a gang intelligence officer," labeled Plaintiff as a member of the "Blood Gang" and issued the report in retaliation for the within lawsuit against Fraser and Deacon. *See* Dkt. No. 50 at 2, 3; Dkt. No. 58 at 3-4, 8. Plaintiff asserts that Hall based the report upon information he received from C.O. Pirsecki ("Pirsecki"). *See id.* Plaintiff claims that he filed a grievance and complained about the retaliation in letters to Superintendent Colvin, Lieutenant Smithers, Inspector General Catherine Leahy Scott, and Captain Shield. *See* Dkt. No. 58 at 4-6; Dkt. No. 60 at 1. Plaintiff also vaguely asserts, without identifying any individuals involved, that his cell was searched in January 2018 and documents were confiscated and destroyed. *See* Dkt. No. 63 at 1-2. Plaintiff fears that he will be transferred to the Special Housing Unit ("SHU") and suffer more retaliation because he has been labeled a gang member. *See* Dkt. No. 50 at 3; Dkt. No. 58 at 8; Dkt. No. 60 at 2. Plaintiff seeks an order transferring him out of Five Points C.F. to Sullivan C.F. or Shawangunk C.F. *See id.* The injunction sought is mandatory, thus the court will use the "clear and substantial" showing of a likelihood of success standard.

Plaintiff's current submissions suffer from the same infirmities as his prior motion. To

4

wit, Plaintiff seeks relief against individuals (Hall, Pirsecki, Colvin, Smithers, Scott, and Shield) who are not parties to the action and for conduct unrelated to his underlying claim, i.e., retaliation by employees of Five Points C.F.  For the reasons set forth in the October Order, the Court lacks jurisdiction to award the requested relief.

Upon review, the Court finds that Plaintiff has not made the showing required for the issuance of mandatory injunctive relief.  Plaintiff has also failed to demonstrate a likelihood of succeeding on the merits of his claims, or to provide evidence of sufficiently serious questions going to the merits of the claim and a balance of hardships tipping decidedly toward him.  *See Covino v Patrissi*, 967 F.2d at 73, 77 (2d Cir. 1992).

For the foregoing reasons and the reasons set forth in the October Order, Plaintiff's motion for preliminary injunctive relief is denied in its entirety.[2]

## IV.    CONCLUSION

**WHEREFORE**, it is hereby

**ORDERED** that Plaintiff's motion for injunctive relief (Dkt. No. 50) is **DENIED**; and it is further

**ORDERED** that Plaintiff's motion for copies of exhibits attached to his moving papers (Dkt. No. 63) is **DENIED**; and it is further

**ORDERED** that the Clerk of the Court shall serve a copy of this Decision and Order on Plaintiff in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: January 23, 2018

Mae A. D'Agostino
U.S. District Judge

---

[2]    Plaintiff is of course free to pursue claims against the individuals responsible for the alleged wrongdoing through DOCCS' administrative procedures and, if necessary, by means of a properly filed action.