UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

COREY FORD,

                                    Plaintiff,

        vs.                                              9:16-CV-01001
                                                         (MAD/TWD)

RICHARD DEACON, et al.,

                                    Defendant.
_____

APPEARANCES:                          OF COUNSEL:

BERNARD IDLISAN
Five Points Correctional Facility
Caller Box 119
Romulus, New York 14541
Plaintiff *pro se*

OFFICE OF THE NEW YORK              KYLE W. STURGESS, ESQ.
STATE ATTORNEY GENERAL              Assistant Attorney General
The Capitol
Albany, New York 12224
Attorneys for Defendant

**Mae A. D'Agostino, U.S. District Judge:**

**ORDER**

On August 12, 2016, Plaintiff commenced this *pro se* civil rights action claiming that

Defendant Richard Deacon along with other Correction Officers of the Department of Corrections

and Community Supervision ("DOCCS") violated Plaintiff's First, Eighth and Fourteenth

Amendment rights. *See* Dkt. No. 1. On October 7, 2016, the Court granted Plaintiff's motion to

proceed *in forma pauperis* and dismissed a number of claims in the Complaint. *See* Dkt. No. 9.

Plaintiff claims are (1) First Amendment retaliation against Defendants employed at Shawangunk

Correctional Facility, (2) First Amendment retaliation against Defendants employed at Great

Meadow Correctional Facility, (3) Eighth Amendment claims for conditions of confinement at

Great Meadow Correctional Facility, and (4) Fourteenth Amendment due process claims against Defendants Miller and Eastman.

On January 19, 2018, Defendants filed a motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. *See* Dkt. No. 64. On February 12, 2018, Plaintiff filed papers in opposition to Defendants' motion. *See* Dkt. No. 69. In an Order and Report-Recommendation, Magistrate Judge Dancks recommended that this Court grant the motion for summary judgment in its entirety. Plaintiff has objected to the Order and Report-Recommendation.

When a party files specific objections to a magistrate judge's report-recommendation, the district court makes a "*de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). However, when a party files "[g]eneral or conclusory objections or objections which merely recite the same arguments [that he presented] to the magistrate judge," the court reviews those recommendations for clear error. *O'Diah v. Mawhir*, No. 9:08-CV-322, 2011 WL 933846, *1 (N.D.N.Y. Mar. 16, 2011) (citations and footnote omitted). After the appropriate review, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

A litigant's failure to file objections to a magistrate judge's report and recommendation, even when that litigant is proceeding *pro se*, waives any challenge to the report on appeal. *See Cephas v. Nash*, 328 F.3d 98, 107 (2d Cir. 2003) (holding that, "[a]s a rule, a party's failure to object to any purported error or omission in a magistrate judge's report waives further judicial review of the point" (citation omitted)). A *pro se* litigant must be given notice of this rule; notice is sufficient if it informs the litigant that the failure to timely object will result in the waiver of

2

further judicial review and cites pertinent statutory and civil rules authority. *See Frank v. Johnson*, 968 F.2d 298, 299 (2d Cir. 1992); *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (holding that a *pro se* party's failure to object to a report and recommendation does not waive his right to appellate review unless the report explicitly states that failure to object will preclude appellate review and specifically cites 28 U.S.C. § 636(b)(1) and Rules 72, 6(a), and former 6(e) of the Federal Rules of Civil Procedure).

"[I]n a *pro se* case, the court must view the submissions by a more lenient standard than that accorded to 'formal pleadings drafted by lawyers.'" *Govan v. Campbell*, 289 F. Supp. 2d 289, 295 (N.D.N.Y. 2007) (quoting *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972)) (other citations omitted). The Second Circuit has opined that the court is obligated to "make reasonable allowances to protect *pro se* litigants" from inadvertently forfeiting legal rights merely because they lack a legal education. *Govan v. Campbell*, 289 F. Supp. 2d 289, 295 (N.D.N.Y. 2007) (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)).

Plaintiff objects to Magistrate Judge Dancks' finding that Plaintiff failed to comply with Local Rule 7.1 in his response to Defendants' statement of material facts. However, since Magistrate Judge Dancks ventured to conduct, and indeed conducted, an "assiduous review of the entire summary judgment record despite Plaintiff's failure to comply with the local rule," the Court finds this objection without merit.

The Court finds that Plaintiff offers no novel arguments regarding his claim for access to the courts. Magistrate Judge Dancks correctly determined that Plaintiff's conjecture and speculation regarding who was responsible for the loss of his legal papers is insufficient to avoid summary judgment. Magistrate Judge Dancks was thoroughly apprised of Plaintiff's arguments and considered them accordingly, concluding that "Plaintiff has failed to submit evidence

sufficient to raise a question of fact on the issue of whether McClenning took any action whatsoever with regard to Plaintiff's active legal papers, let alone that he did so deliberately and maliciously." The Court therefore finds no clear error.

Plaintiff only reiterates the conclusory allegations set forth in his Complaint and the arguments made to Magistrate Judge Dancks on the issue of First Amendment retaliation. The Court finds that Magistrate Judge Dancks correctly determined that Plaintiff has not shown a basis for a retaliation claim due to the absence of a protected activity, lack of personal involvement, and lack of retaliatory behavior on the part of the various Defendants. *See Jackson v. Dzurenda*, No. 3:11-CV-1668, 2012 WL 5448330, *2 (D. Conn. Nov. 7, 2012); *Ortiz v Russo*, No 13 CIV. 5317, 2015 WL 1427247, *11 (S.D.N.Y. Mar. 27, 2015); *Diaz v. Fischer*, No. 08-CV-1208, 2010 WL 1132772, *9 (N.D.N.Y. Feb. 23, 2010). The Court finds no clear error.

Plaintiff objects to Magistrate Judge Dancks' findings on his Eighth Amendment claims using only the same arguments made to her on consideration of the motion regarding the conditions of confinement. Magistrate Judge Dancks correctly concluded that Plaintiff did not show any material issue of fact with respect to either the objective or subjective prong of the claim. *See Jabbar v. Fischer*, 683 F.3d 54, 57 (2d Cir. 2012). Plaintiff also relies only on the same arguments made to Magistrate Judge Dancks with respect to his Fourteenth Amendment due process claim. Magistrate Judge Dancks considered Plaintiff's allegations regarding notice and discovery, and correctly concluded that he was afforded his due process right to the opportunity to be heard in a meaningful manner. *See Taylor v. Rodriguez*, 238 F.3d 188, 192-93 (2d Cir. 2001). Reviewing this finding for clear error, the Court agrees with the findings contained in the Order and Report-Recommendation and finds no clear error.

Having reviewed Magistrate Judge Dancks' Order and Report-Recommendation and the applicable law, the Court finds that Magistrate Judge Dancks correctly recommended that the Court should dismiss this action pursuant to Rule 56 of the Federal Rules of Civil Procedure.

Accordingly, the Court hereby

**ORDERS** that Magistrate Judge Dancks' Report-Recommendation is **ADOPTED** in its entirety for the reasons stated therein; and the Court further

**ORDERS** that Defendants' motion for summary judgment is **GRANTED** in its entirety; and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment in Defendants' favor and close this case; and the Court further

**ORDERS** that the Clerk of the Court shall serve the parties with a copy of this Order in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: September 20, 2018
　　　　Albany, New York

Mae A. D'Agostino
U.S. District Judge